UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENZEL EARLY,<br><br>       Plaintiff,<br><br>v.<br><br>GRETCHEN WHITMER and JOHN DOE,<br><br>       Defendants. | Case No. 25-cv-12318<br><br>Honorable Robert J. White |

**ORDER (1) GRANTING PLAINTIFF'S IFP APPLICATION AND (2) DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Denzel Early's application to proceed *in forma pauperis*. (ECF No. 2). Early asserts claims against Michigan Governor Gretchen Whitmer and "Regional Managers responsible for administrative denials" for violating the Indian Civil Rights Act, the Fourteenth Amendment, and international law with respect to his request for tribal recognition. (ECF No. 1, PageID.2-4). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee and (2) dismiss the complaint for failure to state a claim.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits

an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

At the pleading stage, the Court "construes the complaint in the light most favorable" to the plaintiff and determines whether it "'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but a complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A pleading that offers 'labels and conclusions' or 'a

2

formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544; *see also Gardner v. Nat'l Credit Sys., Inc.*, No. 24-482, 2024 U.S. Dist. LEXIS 109824, at *2 (W.D. Mich. May 10, 2024) ("A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests."). In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted).

Here, Plaintiff's minimal factual allegations, accepted as true, do not suffice to state a claim under any of his purported legal theories. Plaintiff only asserts that his applications for tribal recognition "were denied for procedural reasons unrelated to the validity of Plaintiff's Indigenous identity," and that Defendant Whitmer, "by omission or policy, has failed to ensure Indigenous persons like Plaintiff are afforded rights and services consistent with self-governance." (ECF No. 1, PageID.3).

Plaintiff then conclusively asserts, with no further explanation, that this conduct violated the Indian Civil Rights Act, the Fourteenth Amendment, and international law. These vague and bare allegations, which critically lack any *specific* allegation of misconduct against any one defendant, cannot even sustain an inference that defendants are liable under any of Plaintiff's purported legal theories. *See* Fed. R. Civ. P. 8(a)(2) (claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief").

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: August 8, 2025                           s/Robert J. White
                                                Robert J. White
                                                United States District Judge